IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEREK MORTLAND,** | : | No. 3:24cv1290 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **DND SCRANTON HOSPITALITY, LLC** | : | FILED |
| **and DND SCRANTON REAL** | : | SCRANTON |
| **ESTATE, LLC,** | : | |
| Defendants | : | JUL 21 2025 |

PER _____
DEPUTY CLERK

## MEMORANDUM

Plaintiff Derek Mortland alleges that the Comfort Suites in Scranton, Pennsylvania violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189, because architectural barriers at the hotel denied him full and equal access to the property, a place of public accommodation. Mortland seeks injunctive relief in this action against the current operators of the hotel, Defendants DND Scranton Hospitality, LLC ("DND Hospitality") and DND Scranton Real Estate, LLC ("DND Real Estate"). According to Mortland's amended complaint, there has been a change of ownership of the hotel since the time of his stay at the property.

In response to being named as defendants in Mortland's amended complaint, DND Hospitality and DND Real Estate filed motions to dismiss

pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7). These motions are ripe for disposition.

## Background

Mortland alleges that he travels to New England multiple times per year for business and leisure and stays at hotels along the way. (See Doc. 14, Am. Compl. ¶ 26). The plaintiff is paralyzed as a result of an earlier accident and requires the use of a wheelchair for mobility. Id. ¶ 13.

In February 2023, perhaps on one of his trips to New England, Mortland stayed at the Comfort Suites, which is located near Interstate 81. See id. ¶¶ 6, 15, 26. Mortland alleges that he encountered access barriers at the hotel in, among other areas of the property: the parking lot, the front desk area, and a guest room. Id. ¶¶ 16–17. Plaintiff alleges that his inability to fully and equally access the property caused him physical injury, embarrassment, and humiliation.[1] Id. ¶ 2. Mortland seeks injunctive relief to remedy these violations of the ADA. Id., Prayer for Relief, ¶¶ 1–3. Plaintiff also seeks attorneys' fees if he prevails. Id.

---

[1] Mortland's pleading also indicates that he "will return to the Comfort Suites hotel to obtain lodging (1) due to the hotel's proximity to the highway..., (2) if the business [is] made fully accessible to a disabled person in a wheelchair, and (3) to avail himself of the business' services." (Doc. 14, ¶ 26). Per the amended complaint, Mortland intends to return to the Comfort Suites in 2025 to ascertain whether the access barriers were removed. Id.

2

Mortland initiated this action on July 31, 2024, against Montage Mountain Hospitality, LLC ("MMH"). (Doc. 1). The initial complaint alleged that MMH was responsible for the ADA violations that Mortland observed and experienced in February 2023. Id. On November 5, 2024, with the consent of MMH, Mortland filed a motion to amend his complaint. (Doc. 12). The motion sought leave to drop MMH from this lawsuit and add DND Hospitality and DND Real Estate as defendants. (Id.) The court granted the motion, dismissed MMH from this action without prejudice, and directed the Clerk of Court to docket the proposed amended complaint against DND Hospitality and DND Real Estate as of November 7, 2024. (Doc. 13).

The amended complaint asserts that defendants are "the owners and operators, lessors and/or lessees, or agents of the owner, lessor and/or lessee, franchisor and/or franchisee" of the Comfort Suites hotel building and are subject to the requirements of Title III of the ADA as a public accommodation. (Doc. 14 ¶¶ 6, 8). Per the allegations, Defendant DND Real Estate purchased the hotel on or about May 21, 2024, and in doing so, "acquired all the right, title, interest, property, claim and demand whatsoever" of MMH. Id. ¶ 7.

Defendants DND Hospitality and DND Real Estate filed the instant motions to dismiss under Rules 12(b)(1), 12(b)(6), and 12(b)(7) on February 14, 2025.

3

(Doc. 24). On March 4, 2025, Mortland filed a brief in opposition, bringing this case to its present posture. (Doc. 25).

**Jurisdiction**

Based on the alleged violations of Title III of the ADA, this court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Analysis**

Defendants move to dismiss Mortland's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7). The court will address defendants' arguments associated with these rules in turn.

### 1. DND Hospitality's Rule 12(b)(1) Motion

First, Defendant DND Hospitality moves for its dismissal from this action pursuant to Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) authorizes a court to dismiss an action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. <u>Davis v. Wells Fargo</u>, 824 F.3d 333, 346 (3d Cir. 2016). In short, "a facial attack contests the sufficiency of the pleadings, whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites."

4

Const. Party of Pennsylvania v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014) (cleaned up).  With a facial attack, a court may consider only the facts of the complaint, viewing them in a light most favorable to the plaintiff. See Long v. Se. Pennsylvania Transportation Auth., 903 F.3d 312, 320 (3d Cir. 2018) (citation omitted).  With a factual attack on subject matter jurisdiction, a district court may look beyond the pleadings to resolve the dispute. See Const. Party of Pennsylvania, 757 F.3d at 358.  The court, however, must first determine "whether a Rule 12(b)(1) motion presents a facial attack or a factual attack on the claim at issue, because that distinction determines how the pleading must be reviewed." Id. at 357 (internal quotation marks omitted).

Here, DND Hospitality's arguments advance a factual attack on the court's subject matter jurisdiction. (Doc. 24-1, Def. Br. in Supp. at 6–7).  Specifically, defendants argue that the allegations regarding DND Hospitality's interests in the hotel property are incorrect. Id.  Per defendants, DND Hospitality "is a single-purpose entity formed for the sole and exclusive purpose of applying for a license for the sale of beer and liquor at the [p]roperty from the Pennsylvania Liquor Control Board ('PLCB')." Id. at 7 (formatting modified).  According to the defendants, the PLCB has not granted DND Hospitality a license and, without that license, DND Hospitality has no possessory right or interest in the property or improvements. Id.  In further support, defendants attach correspondence from

5

the PLCB dated August 23, 2024, reflecting some delay in processing the application for a liquor license. (Doc. 24-2).

The law sends some mixed signals regarding whether factual attacks may be considered prior to the filing of an answer. Compare Const. Party of Pennsylvania, 757 F.3d at 358 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 889–92 (3d Cir. 1977) (noting that factual attacks "may occur at any stage of the proceedings, *from the time the answer has been served* until after the trial has been completed.") with Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Ord. of Police, 920 F.2d 198, 200 (3d Cir. 1990) (rejecting arguments relying on Mortensen that jurisdictional allegations in a complaint cannot be disputed until after an answer is served).

Although Berardi has not been expressly overruled, more recent Third Circuit decisions stand for the proposition that it is improper to consider the type of factual attack lodged by DND Hospitality prior to an answer being filed or facts being controverted. See Long, 903 F.3d at 320; Const. Party of Pennsylvania, 757 F.3d at 358; Askew v. Trs. of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc., 684 F.3d 413, 417 (3d Cir. 2012) ("[a]s the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was [a] facial [attack].").

Case 3:24-cv-01290-JKM   Document 26   Filed 07/21/25   Page 7 of 14

At this juncture, Defendant DND Hospitality seeks to controvert facts through the arguments of counsel and with a letter from the PLCB. There are no affidavits or declarations from duly authorized members of the defendant entities attempting to controvert any facts alleged in the amended complaint. Based on the above case law, the court will not entertain Defendant DND Hospitality's factual attack on subject matter jurisdiction prior to an answer being filed.

Thus, the court can only treat Defendant DND Hospitality's Rule 12(b)(1) motion as a facial attack on the court's subject matter jurisdiction. That facial attack falls short against the allegations of the amended complaint. Mortland sufficiently alleges DND Hospitality's requisite connection to the property as a place of public accommodation for the purposes of liability under the ADA and the court's subject matter jurisdiction. (Doc. 14, Am. Compl. ¶¶ 6, 9–11, 14, 19, 23–25, 34–35). Accordingly, DND Hospitality's Rule 12(b)(1) motion will be denied.

**2. Defendants' Rule 12(b)(6) Motion**

Defendants also move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.

7

To survive a motion to dismiss, "a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " Doe v. Princeton Univ., 30 F.4th 335, 341–42 (3d Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). That means, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when factual content is pled that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

On a motion to dismiss for failure to state a claim, district courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted).

In advancing their motion under Rule 12(b)(6), defendants argue that Mortland lacks standing under Article III of the United States Constitution.[2] (Doc.

---

[2] "Article III confines the federal judicial power to the resolution of "Cases" and "Controversies." TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021). A plaintiff must demonstrate a

8

24-1, Defs. Br. in Supp. at 3–4, 7–9). To establish standing to invoke the jurisdiction of a federal court, a plaintiff must show: 1) that he has "suffered an 'injury in fact' which is 'concrete and particularized' and 'actual or imminent' "; 2) that the "injury is 'fairly traceable to the challenged action of the defendant' "; and 3) that "it is likely 'that the injury will be redressed by a favorable decision.' " Potter v. Cozen & O'Connor, 46 F.4th 148, 154 (3d Cir. 2022) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992) (alterations and quotations omitted)). These elements are the "irreducible constitutional minimum" that must be alleged. Id.

After review, Mortland's amended complaint sets forth facts supporting all three standing elements. Per his allegations, Mortland stayed at the Comfort Suites in February 2023 and encountered architectural barriers across the property when using his wheelchair, including in his guest room and in the areas where various amenities were offered during his hotel stay, including the pool area, fitness area, and breakfast room. (Doc. 14, Am. Compl. ¶¶ 2, 5, 13, 16–17). He alleges that he was physically injured, embarrassed, and humiliated during his stay. Id. ¶ 2.

---

personal stake in the action for there to be a case or controversy under Article III. Id. (citation omitted).

While the alleged architectural barriers and plaintiff's injuries are not detailed, "determining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its…common sense[.]" Iqbal, 556 U.S. at 663–64 (citing Twombly, 550 U.S. at 556). Reasonable inferences may be made from the above allegations that Mortland sustained injury as he used his wheelchair to traverse the property whereas others around him did not experience the same navigational difficulties based on their abilities.

Based on these same allegations, Mortland's injuries are traceable to these architectural barriers. As for the different ownership issues highlighted by the defendants, Mortland's amended complaint posits that defendants are responsible for these access barriers at the present time and moving forward. (Doc. 14, Am. Compl. ¶¶ 6–7, 21–26).

Finally, Mortland cannot seek damages under Title III of the ADA.[3] Rather, in this action, he seeks forward-looking injunctive relief, i.e., an order compelling the defendants to make the hotel fully accessible to individuals with disabilities and to adopt practices affording full access to the goods and services being offered at the hotel. (Doc. 14, Am. Compl., Prayer for Relief, ¶ 1). Since the

---

[3] Under Title III of the ADA, private plaintiffs may only obtain "preventative relief" in the form of "a permanent or temporary injunction, restraining order, or other order[.]" See 42 U.S.C. § 12188(a)(1)(referring to 42 U.S.C. § 2000a-3(a); Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 & n. 2 (1968) (indicating that 42 U.S.C. § 2000a-3(a) does not authorize monetary damages).

proposed order would make the hotel more accessible in a physical sense and in a policy-based sense, Mortland's alleged injuries would be redressed by a decision in his favor against the entities responsible for the hotel's operation.[4]

Mortland claims to have suffered an injury that the defendants are responsible for, and the court can remedy. Accordingly, defendants' Rule 12(b)(6) standing challenge is rejected.

### 3. Defendants' Rule 12(b)(7) Motion

Finally, defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) for the failure to join a party under Rule 19. In making their motion under Rule 12(b)(7), defendants bear the burden of showing why an absent party should be joined. See Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth., 635 F.3d 87, 97 (3d Cir. 2011) (citation omitted). The court may consider relevant evidence outside the pleadings in resolving a Rule 12(b)(7) motion regarding joinder. Reschenthaler v. Schmidt, No. 1:24-CV-1671,--- F. Supp. 3d. ----, 2024 WL 4608582, at *5 (M.D. Pa. Oct. 29, 2024) (Conner, J.) (citations omitted); Scottsdale Ins. Co. v. RSE Inc., 303 F.R.D. 234,

---

[4] As for whether Mortland's injury is also "imminent," traceable to the defendants, and redressable, plaintiff alleges that he intends to continue patronizing the Comfort Suites on his trips to New England if the business is made fully accessible to a person in a wheelchair. He also alleges an intent to return to the business this year to ascertain whether the barriers to access are still present. (Doc. 14, Am. Compl. ¶ 26).

11

236 (E.D. Pa. 2014) (citing Jurimex Kommerz Transit G.m.b.H. v. Case Corp., 201 F.R.D. 337, 339 (D.Del. 2001)).

The Rule 19 joinder analysis is a three-step process. Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC, 80 F.4th 223, 232 (3d Cir. 2023)(citations omitted). The first question asks whether the absent party should be joined, that is, by rule, the absent party is a required party. Id.; FED. R. CIV. P. 19(a)(1)(A), (a)(1)(B). Second, if the party is required within the meaning of Rule 19(a)(1), the court must determine whether the party can be joined without depriving the court of the ability to hear the case. Epsilon Energy USA, Inc., 80 F.4th at 232 (citations omitted). Third, "[i]f joining the party is not feasible," then the court asks, "should the action continue in the party's absence or be dismissed?" Id.; see also FED. R. CIV. P. 19(b).[5]

As indicated above, Mortland initially sued the prior owner of the hotel, MMH, for violations of the ADA. (See Docs. 1, Compl. ¶ 6). Then, ostensibly after discovering that MMH no longer owned the hotel, Mortland obtained leave

---

[5] Put another way, the court must first determine whether the absent party should be joined as a "necessary" party under Rule 19(a). Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). If that party should be joined, but their joinder is not feasible, the court must next determine whether the absent party is "indispensable" under Rule 19(b). Id. In the case of an "indispensable" party, the court must then determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed" after consideration of several factors. FED. R. CIV. P. 19(b)

of court to drop MMH and add DND Hospitality and DND Real Estate as defendants in an amended complaint. (Doc. 12, Pl. Mot. to Amend.; Doc. 13, 11/07/2024 Order). The amended complaint asserts that moving defendants acquired the property from MMH in May 2024, or approximately fifteen (15) months after Mortland stayed there. (Doc. 14 ¶¶ 7, 15). Defendants' arguments thus stem from MMH's absence from the present litigation, as the owner of the hotel property when Mortland was a guest. (Doc. 24-1, Defs. Br. in Supp at 9–10).

In this analysis, the court first looks to Rules 19(a)(1)(A) and (a)(1)(B) to determine whether MMH is a required party. Under Rule 19(a)(1)(A), a party is a required party if "in that person's absence, the court cannot accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). Defendants argue that MMH's ownership of the hotel during Mortland's stay makes them a required party. (See Doc. 24-1, Defs. Br. in Supp. at 10–11). The court, however, is not persuaded.

In this case, Mortland seeks injunctive relief against the defendants to remedy past, present, and future violations of the ADA. In addition to requesting that defendants change their policies, Mortland's proposed relief calls for an order compelling defendants to make the property "readily accessible." (Doc. 14, Prayer for Relief, ¶ 1). To the extent that such an order would call for

13

modifications or improvements to the structure or the fixtures present at the property, defendants have not provided any agreements that would make MMH responsible for those modifications or for any liabilities after the sale.

The court need not proceed any further in the joinder analysis but will make a few final points. Even if MMH is determined to be a required party, defendants admit that joinder is feasible. (Doc. 24-1, Def. Br. in Supp at 10–11). In that event, the court could simply order MMH's joinder to this action. See FED. R. CIV. P. 19(a)(2). Alternatively, defendants could file a third-party complaint against MMH to ensure their involvement in this litigation. See FED. R. CIV. P. 14(a)(1). In all circumstances, defendants have not demonstrated that dismissal of this action is appropriate under Rule 12(b)(7). Their motion to dismiss will thus be denied.

**Conclusion**

For the reasons set forth above, Defendants DND Hospitality and DND Real Estate's motion to dismiss will be denied. An appropriate order follows.

Date: 7/21/25

JUDGE JULIA K. MUNLEY
United States District Court